IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHICAGO TITLE INSURANCE COMPANY | : | |
| | : | |
| v. | : | NO.   2:18-CV-01116-CDJ |
| | : | |
| YURIY MAZIK, | : | |
| | : | |
| TATYANA MAZIK, | : | |
| | : | |
| VIKTOR VASILENKO, | : | |
| | : | |
| IRINA VASILENKO, | : | |
| | : | |
| GALINA BELENKAYA | : | |

**ANSWER, AFFIRMATIVE DEFENSES AND CROSS-CLAIM OF DEFENDANTS
VIKTOR VASILENKO AND IRINA VASILENKO TO PLAINTIFF'S COMPLAINT**

**COMES NOW**, Defendants, Viktor Vasilenko and Irina Vasilenko., by and through Mudrick & Zucker, P.C. and hereby submits the following Answer, Affirmative Defenses and Cross-Claim to Plaintiff's Complaint:

***PARTIES***

1-5.   Admitted.

***JURISDICTION AND VENUE***

6-7.   Admitted.

# FACTUAL BACKGROUND

### *The Horseshoe Lane Property*

5-34. Denied. The averments in these paragraphs refer to party defendants other than Viktor and Irina Vasilenko and, therefore, no responsive pleading is required. If a response is required, after reasonable investigation, Viktor and Irina Vasilenko are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs. Accordingly, strict proof thereof is demanded at time of trial.

### *The Rockwell Road Property*

35-56. Denied. The averments in these paragraphs refer to party defendants other than Viktor and Irina Vasilenko and, therefore, no responsive pleading is required. If a response is required, after reasonable investigation, Viktor and Irina Vasilenko are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs. Accordingly, strict proof thereof is demanded at time of trial.

### *The Waller Drive Property*

57. Admitted that Viktor Vasilenko acquired title to the property located at 1269 Waller Drive by deed recorded December 14, 2000.

58. Admitted only that Viktor Vasilenko executed a mortgage in favor of Fairfield Financial Mortgage Group, Inc. to secure the purchase of 1269 Waller Drive. The mortgage was subsequently assigned to GMAC Mortgage Corp. Regarding the allegations concerning Wachovia, after reasonable investigation, Viktor and Irina Vasilenko are without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in these paragraphs. Accordingly, strict proof thereof is demanded at time of trial.

59-60. Admitted.

61-62. Denied. After reasonable investigation, Viktor and Irina Vasilenko are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs. Accordingly, strict proof thereof is demanded at time of trial.

63. Admitted.

64-66. Denied. After reasonable investigation, Viktor and Irina Vasilenko are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs. Accordingly, strict proof thereof is demanded at time of trial.

67. Admitted.

68-69. Denied. After reasonable investigation, Viktor and Irina Vasilenko are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs. Accordingly, strict proof thereof is demanded at time of trial.

70. Admitted only that the Maziks reside at 1269 Waller Drive. Regarding the remaining allegations, after reasonable investigation, Viktor and Irina Vasilenko are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs. Accordingly, strict proof thereof is demanded at time of trial.

71. Denied. Viktor and Irina Vasilenko did not enter into any transactions with the intent to defraud creditors. The Vasilenkos were defrauded by Defendant Mazik. Accordingly, strict proof thereof is demanded at time of trial.

72. Denied. Viktor and Irina Vasilenko did not enter into any transactions with the intent to defraud creditors. The Vasilenkos were defrauded by Defendant Mazik. Accordingly, strict proof thereof is demanded at time of trial.

*1455 Edge Hill Road*

73. Denied. After reasonable investigation, Viktor and Irina Vasilenko are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs. Accordingly, strict proof thereof is demanded at time of trial.

74. Admitted that Yuriy Mazik transferred title to 1455 Edge Hill Road to Yuriy Mazik and Viktor Vasilenko by deed recorded May 22, 2007 for the stated consideration of $1.00.

75. Admitted.

76. Denied. After reasonable investigation, Viktor and Irina Vasilenko are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs. Accordingly, strict proof thereof is demanded at time of trial.

77. Denied. Viktor Vasilenko never quitclaimed his interest in 1455 Edge Hill Road to Yuriy Mazik by deed recorded October 31, 2008 for the stated consideration of $1.00. Accordingly, strict proof thereof is demanded at time of trial.

78. Denied. Irina Vasilenko never executed a satisfaction of mortgage recorded November 12, 2008 for 1455 Edge Hill Road. The Vasilenkos have no information or knowledge as to whether Yuriy Mazik gave a mortgage against Waller Drive to Jake Sztejman. Accordingly, strict proof thereof is demanded at time of trial.

79-82. Denied. After reasonable investigation, Viktor and Irina Vasilenko are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs. Accordingly, strict proof thereof is demanded at time of trial.

83. Denied. Viktor and Irina Vasilenko have no knowledge whether Sharone Lewis-Davis obtained a mortgage in the amount of $280,000.00. The Vasilenkos specifically deny that they received any portion of the proceeds of said mortgage. Accordingly, strict proof thereof is demanded at time of trial.

*1862 Greymont Street*

84. Denied. After reasonable investigation, Viktor and Irina Vasilenko are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs. Accordingly, strict proof thereof is demanded at time of trial.

85. Admitted in part, denied in part. It is admitted that Yuriy Mazik gave a mortgage to 1862 Greymont Street to Viktor Vasilenko. However, Viktor Vasilenko was unaware that Yuriy Mazik did not hold record title to said property. Accordingly, strict proof thereof is demanded at time of trial.

86. Denied. Viktor Vasilenko never executed a satisfaction of mortgage recorded November 24, 2008 for 1862 Greymont Street. Accordingly, strict proof thereof is demanded at time of trial.

87. Denied. The mortgage secured a loan made by Viktor Vasilenko to Yuriy Mazik and there was no intent on behalf of Viktor Vasilenko to defraud any creditors. The Vasilenkos were defrauded by Defendant Mazik. Accordingly, strict proof thereof is demanded at time of trial.

88. Denied. Viktor and Irina Vasilenko did not enter into any transactions with the intent to defraud creditors. The Vasilenkos were defrauded by Defendant Mazik. Accordingly, strict proof thereof is demanded at time of trial.

## COUNT ONE – BREACH OF NOTES
### *Chicago v. Tatyana Mazik*

89. Defendants restate and allege its answers to paragraphs 1 through 88 above.

90-96. Denied. The averments in these paragraphs refer to party defendants other than Viktor and Irina Vasilenko and, therefore, no responsive pleading is required. If a response is required, after reasonable investigation, Viktor and Irina Vasilenko are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs. Accordingly, strict proof thereof is demanded at time of trial.

WHEREFORE, Defendants respectfully request that the Court enter judgment in favor of Defendants against the Plaintiff.

## COUNT TWO – EQUITABLE MORTGAGE
### *CTIC v. all Defendants*

97. Defendants restate and allege its answers to paragraphs 1 through 96 above.

98. Denied. After reasonable investigation, Viktor and Irina Vasilenko are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs. Accordingly, strict proof thereof is demanded at time of trial.

99. Denied. Viktor and Irina Vasilenko did not enter into any transactions with the intent to defraud creditors. The Vasilenkos were defrauded by Defendant Mazik. Accordingly, strict proof thereof is demanded at time of trial.

100. Denied. Viktor and Irina Vasilenko did not enter into any transactions with the intent to defraud creditors. The Vasilenkos were defrauded by Defendant Mazik. Accordingly, strict proof thereof is demanded at time of trial.

WHEREFORE, Defendants respectfully request that the Court enter judgment in favor of Defendants against the Plaintiff.

## COUNT THREE – SUBROGATION
### CTIC V. the Maziks and Vasilenkos

101. Defendants restate and allege its answers to paragraphs 1 through 100 above.

102. Denied. Viktor and Irina Vasilenko have no connection to the transactions involving the Horseshoe Lane and Rockwell Road properties. Viktor and Irina Vasilenko did not enter into any transactions with the intent to defraud creditors. The Vasilenkos were defrauded by Defendant Mazik. Accordingly, strict proof thereof is demanded at time of trial.

103. Denied. The averments in paragraph 103 contain legal conclusions to which no responsive pleading is required. To the extent that a response is required, Viktor and Irina Vasilenko have no obligation under Pennsylvania Law to Plaintiff. Accordingly, strict proof thereof is demanded at time of trial.

WHEREFORE, Defendants respectfully request that the Court enter judgment in favor of Defendants against the Plaintiff.

## COUNT FOUR – INDEMNIFICATION
### CTIC v. Defendants

104. Defendants restate and allege its answers to paragraphs 1 through 103 above.

105. Denied. Viktor and Irina Vasilenko have no connection to the transactions involving the Horseshoe Lane and Rockwell Road properties. Viktor and Irina Vasilenko did not enter into any transactions with the intent to defraud creditors. The Vasilenkos were defrauded by Defendant Mazik. Accordingly, strict proof thereof is demanded at time of trial.

106. Denied. The averments in paragraph 106 contain legal conclusions to which no responsive pleading is required. To the extent that a response is required, Viktor and Irina Vasilenko have no obligation under Pennsylvania Law to indemnify Chicago. Accordingly, strict proof thereof is demanded at time of trial.

WHEREFORE, Defendants respectfully request that the Court enter judgment in favor of Defendants against the Plaintiff.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

107. The Plaintiff has filed to state a claim against Viktor and Irina Vasilenko upon which relief can be granted either in whole or in part.

### SECOND DEFENSE

108. The Complaint, as filed by the Plaintiff, was untimely.

### THIRD DEFENSE

109. The service of said Complaint, as filed by the Plaintiff, was defective.

### FOURTH DEFENSE

110. Plaintiff has failed to satisfy all conditions precedent to bringing this action.

### FIFTH DEFENSE

111. Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or laches.

### SIXTH DEFENSE

112. The Complaint and each purported claim therein fails to state facts sufficient to entitle Plaintiff to an award of attorneys fees against Viktor and Irina Vasilenko.

### SEVENTH DEFENSE

113. Any injuries or damages allegedly sustained by Plaintiff were caused through sole wrongdoing of a third party or parties over whom Viktor and Irina Vasilenko exercised no control and not by any act or omission of Viktor and Irina Vasilenko.

WHEREFORE, Defendants respectfully request that the Court enter judgment in favor of Defendants against the Plaintiff.

### CROSS-CLAIM
*Viktor Vasilenko and Irina Vasilenko v. Yuriy Mazik, Tatyana Mazik and Galina Belenkaya*
*Contribution/Indemnity*

H:\Dan\LITIGATION\FEDERAL\VASILENKO, VIKTOR & IRINA\Answer and Affirmative Defenses to Plaintiff's Complaint.doc

114. For purposes of this Cross-Claim only, Viktor and Irina Vasilenko incorporate by reference the averments of the Complaint without admission or adoption and the prior paragraphs 1 through 113 as if each were set forth at length here.

115. If Plaintiff sustained the losses and/or damages alleged in the Complaint, which Viktor and Irina Vasilenko specifically deny, then Plaintiff's losses and/or damages were caused by the recklessness, and otherwise wrongful or intentional conduct of Yuriy Mazik, Tatyana Mazik and/or Galina Belenkaya.

116. Viktor and Irina Vasilenko assert that Yuriy Mazik, Tatyana Mazik and Galina Belenkaya are solely liable to Plaintiff and jointly or severally liable or liable over to Viktor and Irina Vasilenko for contribution or indemnity on the causes of action alleged in the Complaint.

WHEREFORE, Defendants and Cross-Claim Plaintiffs, Viktor and Irina Vasilenko, respectfully request that the Court enter judgment in their favor and against Cross Claim Defendants Yuriy Mazik, Tatyana Mazik and Galina Belenkaya on the grounds that Cross-Claim Defendants are solely liable to Plaintiff. If judgment is entered against Viktor and Irina Vasilenko, then Viktor and Irina Vasilenko demand judgment in their favor and against Cross Claim Defendants Yuriy Mazik, Tatyana Mazik and Galina Belenkaya for contribution and indemnity, together with interest, costs and such other and further relief as this Court deems just and proper.

MUDRICK & ZUCKER, P.C.

Dated: 5/17/2018

/s/ Daniel P. Mudrick
Daniel P. Mudrick, Esquire
One West First Avenue, Suite 101
Conshohocken, PA 19428
(610) 832-0100
E-mail: dan@mudrickzucker.com